Call the next case please. 3-11-06-51 v. Chicago Bank & Trust, Appellee Peter Schmidt v. Jack Zausa, Appellant James Lesmeister Mr. Lesmeister Good afternoon. My name is James Lesmeister. I represent Jack Zausa. I must say that I am happy to be here because this morning I finished a contested hearing at Woodstock at 1130. At 1130 my GPS said I was 111 miles from Ottawa. So I'm happy to be on time and to be a traveling lawyer like the old Abe Lincoln. What I want to make as my point here regarding Jack Zausa is that the due process is not to be forsaken for expediency or for convenience. And what we had happen here in this case was a simultaneous proceeding in the same courtroom of both criminal and civil contempt. Now I have cited cases where if you have parallel criminal and civil proceedings, it's within the discretion of the court to stay the civil case pending resolution and adjudication of the criminal case. I believe that those cases support my position and in fact our case here today is even stronger in that there was a violation of due process. Because these proceedings happened in the same court at the same time. That's what happened. Looking back through the record is that at that hearing in June of 2011, Mr. Schmidt, counsel for the bank, said we are asking for a finding of contempt, civil and or criminal contempt. I think civil contempt is appropriate to compel the compliance with the citation turnover the funds. Criminal contempt is appropriate because the intention of criminal contempt is to punish for violation of citation. That's at appendix 47. Well do Mr. Schmidt's comments turn an otherwise civil proceeding into a criminal proceeding? It was both a criminal and civil proceeding. I think that that was what was advocated. That was what was moved for. And there was no indication from the court prior to the beginning of this oral argument that occurred on June 17th of 2011 that there would only be an adjudication of civil contempt, indirect civil contempt. Well don't you have to get charged with criminal contempt? Absolutely, yes. And that's part of my reason why I think that there was a violation of due process. Because when it's indirect criminal contempt, there must be a petition that first must be presented to the prosecutor's office to see whether they accept it or decline it. And then if the private litigant wants to move forward with a petition for indirect criminal contempt, they must go before the court and ask for permission to do so. It must have its own criminal case number. All the proceedings of a criminal case must go forward that way. Right. And this didn't have any. This didn't have a criminal case number. Which I think helps my argument that in this case, there was a violation of due process. Well, could another interpretation be that this was not, in fact, a criminal contempt proceeding? No. No? No. Because that is what was asked for. That was what was advocated for. That's what was sought. Going back to what I was told by my mentor, Jim Guy Tucker, what Abraham Lincoln attributed as saying is just because you call a tail a leg doesn't make it a leg. How many legs does a dog have? Five? And that's what we have here is one of the arguments that counsel for the bank makes is that he was only held in civil contempt, no harm, no fault. But if you look at that June 17th order, it was punishment. It was not a civil, it was not a, it was not compulsion to produce the documents, or it wasn't compulsion to do something, as is what's required when you levy indirect civil contempt upon someone. It was a coercion to pay the money, wasn't it? It was, actually it was a coercion to pay the money, but it was if he didn't pay it by this day, he will do 30 days. That is punishment. And that was corrected, right? That was corrected, but as I put forth in my position, is that a subsequent modification of a void order doesn't make it valid. And that is the position that we have on it. The case law is to the contrary, is it not? The case law is regarding when you have a situation where cases are adjudicated or reviewed in the appellate courts, and it's a question of modifying the indirect civil contempt to comply with the constraints of civil contempt, which is to compel and to hold the keys to the jail cell. In this case, you had a simultaneous proceeding of a criminal and civil contempt. So that's where I differ with the cases that the bank has cited to. Because in those cases that they cite to, it goes up on appeal, it was a question of whether or not the order was written the right way, or whether there was proper procedural findings within the adjudication of an indirect civil contempt. Not a situation here. We have indirect civil contempt and indirect criminal contempt. And that's where I differ with the position of the bank on the matter. And the bank, you know, the bank in its brief, it says on page three, this is akin to a defendant charged with a felony arguing after being found innocent by the judge, he was denied a jury trial. Well, there was harm in this case. There was a finding of contempt. There was a finding that he would be incarcerated for 30 days. There was not an argument of no harm, no foul, or harmless error. There wasn't even a criminal contempt proceeding on file, was there? No, Your Honor. I understand. I think what Your Honor is presenting to me is that how could anyone consider this an indirect criminal contempt proceeding, because there was nothing there to indicate such. Exactly. And Your Honor, my point is that that is what was being sought by the bank itself, was both the indirect civil and the indirect criminal contempt. And at no time did the judge or anyone else say, we're only here for an indirect civil contempt. If the attorney on the other side would have asked that your client be executed, would that have made it a capital case? I mean, you know, what he asked for, it can't be a criminal contempt case, can it, until somebody files the criminal contempt case. Pretty simple. That wasn't done, though. That's the position. If Your Honor takes that position, I lose the case, and I understand that. But my position is, and what I'm advocating today is, is that what the bank did was improper by going forward with that and by the judge allowing that to go forward and being adjudicated. By having that, both the indirect civil and indirect criminal proceeding, adjudicated without it being unequivocal, that all we're here for is an indirect civil contempt proceeding, then I differ in terms of what it is due process requires. And I think due process requires more than just a matter of convenience or a matter of technicality or a matter of, well, all's well that ends well, he didn't go to jail on this. It can't be that way. That's not the way it was. What if you go into the criminal court and the prosecutor says, Your Honor, he's so guilty, this is what we're going to do, and the defense counsel doesn't do anything about it? And he says, all right, we'll just have oral argument, defendant found guilty. You can't do that, right? I assume you're assuming in that case there's a criminal case on file. A criminal case on file. Which makes it entirely different from this case, doesn't it? The only difference is that the bank is arguing and is trying to present a position that there was no finding of criminal contempt. The bank doesn't deny that itself. At no time has the bank advocated, you know what, I was joking. The bank wrote this. This is the pleading that it presented. Nowhere did the court ever say, you know what, I'm only confining it to this point. How is that not going to have a chilling effect upon someone? What was the person represented by counsel at the hearing? I'm not here to attack the people or the court or how it happened. I'm here to attack the result and question the result. And that's why we have the appellate courts. Okay. So what would be the answer to my question? The answer to your question on that one is the record is complete in and of itself in terms of whether it was ineffective assistance of counsel. I just asked if he was represented by counsel. He was. Yes, Your Honor. And that lawyer would know that there's no criminal case on file, right? Well, that lawyer should have objected to the simultaneous proceedings going on. And if it's going to be something as a question of waiver, I think it was plain error in terms of due process of what happened here, in terms of the system and the process that occurred. The bank was not joking when it brought that motion and asked for that at oral argument on June 17, 2011. It wasn't something that was flippant or by the way or off the cuff. Oh, by the way, let's throw him in jail and punish him on indirect criminal contempt. It was directly asked for of the court that day. I think that is prejudicial, Your Honor. But that leaves us with the legal question, so what? I mean, the request by an opposing attorney for criminal sanctions doesn't turn an otherwise civil proceeding into a criminal proceeding, does it? Did the attorneys have that kind of power to walk into a courtroom and by uttering some words change a civil proceeding to a criminal proceeding? There's no indication from the court that it was simply a civil proceeding. The judge, if I remember the record correctly, the judge said, I'm not going to find him in criminal contempt. There was an adjudication of such. If I remember the record correctly, is that judge said, I'm not going to find him in criminal contempt. That's my recollection of the record. Well, that's probably good on behalf of the judge, since that would have been a void order, wouldn't it, if he had of? I think it's a void order right now. I do believe it is a void order right now, based on the procedures that occurred and how it occurred and what was done. And I think the subsequent modification does not make that void order valid. And then in terms of the orders that were written on June 17, 2011 and August 17, 2011, in terms of the indirect civil contempt, there's no finding as to what it is that Jack Zauser did that was contemptuous. Now, we know that Jack Zauser, from my appellate brief, at one point during the citation proceeding, said he wished he was dead. The citation was issued to Jack Zauser individually, and he appeared pro se. Citation was issued to Zauser Development Corporation. There was no citation issued to Zauser Diamond LLC, Diamond Zauser LLC, or 2035 West Arthur Development. So when Zauser appeared there that day, pro se in March of 2011, he was asked the question, it's owned by Zauser Diamond, right. Is anyone leasing that property? I don't know. Do you lease the property, anybody? Not that I recall. Are you receiving lease payments from anybody? No. Now, the bank says at that point he should be held in contempt for saying no, for that page right there, his testimony. But he was appearing there that day for himself. Now, there's no finding in those orders as to what it is that Jack Zauser did that was contemptuous. And there should be. An argument by the bank is, is there a way we can get that from the record? And there's case law saying that case law is when the matter is unequivocal, we all know what they did. But we have a situation here where someone was pro se, mentally unstable, representing himself only individually, no citations issued to his other corporations. I think that what the law required on indirect civil contempt, the specific finding is what he did that was so contemptuous. Well, could a reasonable person look at this record and conclude it was a failure to turn over the $18,000 since it was by paying that $18,000 that he could purge himself of the contempt? That a reasonable person can infer that? You can make that leap of logic that that should have been done? I think in this case, based on the circumstances, no. We have to look at each case individually within the parameters of the law. And the law does say there must be a finding as to what is indirect civil contempt. So in this case, no. That could be a reasonable inference as to what it is that he did that made it so contemptuous, the whole of an indirect civil contempt. Counsel has two minutes. I thank you for your time. All right, thank you. Mr. Schmidt. Good afternoon. The appellant was not found in criminal contempt. The first order that was entered clearly states, and the record reflects that the judge was finding him in indirect civil contempt. It required him to take certain action, turn over the $18,000 that was not turned over before, give him a certain period of time to do it. The first order did not give him the keys to the jail cell that was raised on the motion to reconsider, and the order was amended. The order that is being appealed satisfies all the requirements of the civil contempt. It is to coerce the action by the appellant, and you can do it at any time before incarceration, during incarceration. The Supreme Court in In re Marriage of Logston had a very similar situation in which the order was entered. I think it was, again, 30 days to comply. It didn't give the keys to the jail cell. In that case, there was no correction of the error by the trial court. The Illinois Supreme Court upheld the civil contempt, sent it back for the order to be modified for the court to make that finding that he could purge at any time. Same thing in In re Talmadge. Similar situation, and the second district remanded to either hold the criminal hearing if it intended criminal contempt or to modify the order. Here, the trial court already modified the order, so this is clearly an indirect civil contempt. Counselors claimed that the bringing of this for civil and criminal contempt at the same time wasn't proper. The cases that counsel cites only state that if there is pending criminal and civil proceedings, the court may stay the civil so the criminal can go forward. In both cases, People v. Kafka and Sons and Whaling v. Columbia Broadcasting, the defendant invoked his Fifth Amendment rights after he was asked questions, subpoenaed to testify. The individual requested that the court stay the proceedings because of the criminal situation. Here, Jacks House was represented by counsel. He never objected to the proceedings going forward. He never invoked Fifth Amendment rights. He was never asked to answer anything. We didn't subpoena him. He was not brought to stand as a witness. He was not being cross-examined. As counsel has pointed out in his brief, he wasn't even in court. So it seems counsel is indicating that the trial court should have assumed that there would be a Fifth Amendment right here, and I don't think that's... Unless I've missed something. Was there ever a criminal contempt case brought? No, Your Honor. It was just the motion that we filed. Okay, but the court never... I feel like I didn't miss it. There was never a criminal contempt case filed. No. Just the motion that was filed within the confines of the post-judgment subpoena proceedings. As I indicated, Fifth Amendment rights were never invoked by Mr. D'Souza. He complied with the briefing schedule. He followed his response. In the response, he set forth sort of an explanation of what happened and appeared at the hearing, never asked that anything be stayed. And he's also given no indication of how he would have faced any threat of incrimination. All he said is that it had a chilling effect. He never indicated what he would have testified to. He was never represented by counsel? No, he was represented by counsel. He was. He was. Counsel filed a response on behalf of Mr. D'Souza. Counsel appeared at the hearing because Mr. D'Souza did not appear. Counsel appeared. We argued, and the judge made the ruling. There was never any objection raised by Mr. D'Souza's counsel as to any nature of the proceedings. The opponents also raised the issue of an evidentiary hearing. Mr. D'Souza never requested an evidentiary hearing. And I cited several cases with the theory that if you're entitled to an evidentiary hearing, it's waived if you don't request it. His counsel appeared and proceeded with the case. So if he had a right to an evidentiary hearing, if he wanted it, he could have asked for it. He went forward without it. And counsel was talking about the facts of the contempt finding. First of all, in their public brief, they indicated they're not contesting the facts. They're not saying that these facts did not properly lead to a contempt finding. In their public brief, they stated, the issue on appeal is not what Jackson House has said, but rather the procedure initiated, implemented, and followed that resulted in orders entered. They're not appealing that what he did didn't merit contempt. And on the issues of whether the orders were valid for not providing facts, the appellant said to the essential protection versus Cruz, which stated that contempt must state the facts of the contempt. In the Cruz case, the court remanded the individual to custody. There was no written contempt order entered whatsoever. The Cruz court relied on People v. Oliver and People v. Miller. In People v. Oliver, the court found that the facts of the contempt may be incorporated by reference. And the order referenced our motion, which laid out all the facts. And the People v. Miller said the transcript of the proceedings are enough, even if there are no facts in the order. The transcript of the proceedings makes pretty clear what the issues were that were being discussed in the basis of the contempt. That's all I have, unless there are any questions. I have a quick question. I'm just confused. Was he found in contempt because he didn't appear for the citation proceeding? No, he appeared for the citation proceeding. Was he found in contempt because he didn't honor the provision to freeze his assets as a result of receiving the citation notice? Yes. Our argument, and what I believe the transcript of the hearing would show, is that he violated the citation injunction by transferring this $18,000. Okay, so what evidence did the court receive that he violated the citation lien, or you're calling it an injunction? What did the trial court hear? We attached to the trial, to our motion, copies of the checks. After I took Mr. Zonson's citation examination, I got a call from... I just need to know what the judge heard or saw or based his decision on. Copies of the checks, the rent check that was written to Zelsa Diamond, and the deposit of the check into 2035 LLC. And the deposit occurred after the citation was served on him? No, before. I'm sorry, after the citation was served on him, just before the citation examination. But it was after the citation was served on him. Or was he found in contempt for not giving honest answers during the course of the citation? No, that was the other grounds that we were seeking contempt. Okay, so which grounds did the judge base his order on? I believe it was both. He did not honestly disclose the $18,000, and he conveyed the $18,000. Both are a violation of the citation. Was there any witness who was sworn in front of the court? No, it was just on oral argument. Were you pleading to verify? The motion, I just filed the motion, I signed the motion, the exhibits were attached. But Mr. Zelsa's counsel at the time incorporated my exhibits and their response. They said this check did this, this check did this. They never denied that money came in. And did the judge's order say that he was found in indirect civil contempt on two grounds, for not honoring the lien and for not providing truthful information during the course of the citation? The order did not specify those two grounds, no. Who prepared the order? I prepared the order. Thank you. Did he indicate that those were the grounds in the transcript of the hearing? I was just looking at the transcript, Your Honor. And I believe what he said is we were having it back and forth about the $18,000. And I think what he said is there were a few times when the court asked where did the funds come from, what was it being leased for, asking about the specifics of the transfer of funds. And at the end, after argument, the court said that he would find him in civil contempt. He said I'll grant the motion to find Mr. Zelsa in indirect civil contempt is to turn over the amount, which I think is around $18,000. And that was the basis. That was the ruling in the transcript. There was no stipulation that these exhibits were accurate? Just everybody sort of agreed that this could happen without anybody being sworn? Well, Mr. Zelsa's counsel referenced our exhibits and tried to explain the exhibits. There was no dispute that he had received the funds and the funds had been transferred. The argument by Mr. Zelsa's counsel was that the funds went to one of his companies and were transferred to another of his companies and that there was no citation on those companies. However, both those companies had long since been dissolved. They ceased to exist as legal entities. They were Mr. Zelsa's assets. So Mr. Zelsa took control of the funds, transferred them between bank accounts that he owned, essentially, since the corporations were defunct. Mr. Lesmeister, some rebuttal? Yes, Your Honor. I take the exception that Mr. Zelsa's previous counsel adopted the exhibits. There was a response filed and it was a position taken regarding an interpretation of what those exhibits were, but I don't think there was any stipulation or manifestation to the court that we agree with those documents. I had a chance while Mr. Schmidt was arguing and presenting his position to look over the transcript from June 17, 2011. And, Your Honor, as far as I see here today, there was no specific language from the court saying, I'm not finding him in criminal contempt. There is no language of that. But this is what was said at 851, starting at the bottom line, 21. The court, well, if I find him in contempt, what do you want me to do to him? Mr. Schmidt, well, happily, Your Honor, I can say this, this is the first time I've ever sought to have someone found in contempt, so I can't say that I am fully versed in the procedure. I think a criminal contempt, he goes away for a short period of time, whatever Your Honor deems appropriate. The court, so you want me to throw him in jail for a while? Mr. Schmidt, yes. The court, okay. Right there. How is that not a finding of criminal contempt? Regarding whether or not the position of the bank is that we don't contest the facts, more is what Justice Wright was inquiring about, is what are the facts? We do contest the contempt finding of indirect civil contempt because it is not unequivocal or unambiguous or even what a reasonable individual can infer as to what Mr. Zousy did that was so contemptuous. Was it his pro se statements in March when he appeared individually on behalf of himself? That would be a direct contempt. No, that's not direct. He was at a deposition. He wasn't before the court. All right. That was a deposition. So again, would it be that? Would it be that the $18,000 check that was made out to Zousy Diamond was then subsequently cashed by 2035 Development LLC? Do you agree with the timing that Mr. Schmidt has spoken of that that check was transferred after the citation was served? The check was written on March 1, 2011. The back of the check says it was negotiated on March 2, 2011. Citation. I'm looking to see what his date of service was. Your Honor, I'm at a loss as to the date of service of the citation. All right. So in terms of the facts, there is a contest as to what it is Mr. Zousy did was so contemptuous and whether it could be reasonably inferred as to what it is the court found because I don't think that's in the transcript of June 17th. And there's nothing besides your argument that links up that the check made out to Zousy Diamond negotiated by 2035 Arthur Development that Jack Zousy played a part in it. Most likely did he? Well, we can take a guess. But again, what was the core position that I've taken on this brief? Is that are we to forsake due process for expediency and punches and most likely what happened? I mean, that's not what the constitutional due process calls for. We're not talking about when I go to bed at night in January and I wake up in the morning and there's snow on the ground that I know that there was freezing precipitation and accumulation of snow. What was the purpose, the stated purpose of the hearing on June 17th? Well, based on the bank's motion, it was a motion to find him in indirect civil and or criminal contempt. Thank you. And did your client appear at that hearing in person? I cannot say because I did not represent Mr. Zousy at that time. What's the record show? I do not know if the transcript references whether who was present and who was not present on that day, Your Honor. Okay. Thank you, Your Honor. This matter will be taken under advisement. A written disposition will be issued. Right now the court will be in a brief recess for a panel change for the next case. All right. This court now is in recess.